USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/7/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

ARMANY GUZMAN,
DANIEL MCINTOSH, a/k/a "Pookie," and
JAMEIK EVANS, a/k/a "Jiggy,"

      *Defendants.*

**Protective Order**

**22 Cr. 174 (VM)**

  Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

  **Confidential Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

  **Highly Confidential Material.** Certain discovery materials in this case may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of

uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Highly Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Highly Confidential," shall be deemed "Highly Confidential."

**Attorney's Eyes Only ("AEO") Material**. Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to the following persons ("Designated Persons"):

a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b) Prospective witnesses for purposes of defending this action;

c) The defendants; and

d) Such other persons as hereafter may be authorized by the Court.

3. The restrictions on Highly Confidential Material are the same as Confidential Material, except that Highly Confidential Material may only be disclosed to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing Highly Confidential Material outside of the offices or presence of defense counsel. Highly Confidential Material may otherwise be disclosed to Designated Persons consistent with the terms of Confidential Material.

4. The restrictions on AEO Material are the same as Highly Confidential Material, except that AEO Material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of Confidential Material, Highly Confidential Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Confidential Material, Highly Confidential Material, or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

9. Except for such material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, Highly Confidential Material, and AEO Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material, Highly Confidential Material, or AEO Material. All such persons shall be subject to the terms of this Order. Defense

counsel shall maintain a record of what Confidential Material, Highly Confidential Material, or AEO Material has been disclosed to which such persons.

## Retention of Jurisdiction

The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by: _/s/ Ashley C. Nicolas_          Date: April 6, 2022
    Ashley C. Nicolas
    Assistant United States Attorney

SO ORDERED:

Dated: New York, New York
      April 7, 2022

_____
Victor Marrero
U.S.D.J.

## Consent to Entry of Protective Order

I, Leo Shalit, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Armany Guzman, et al, 22 Cr. 174 (VM), and I consent to the entry of the Order on behalf of my client, Armany Guzman.

_____
Leo Shalit, Esq.
Attorney for Defendant Armany Guzman

## Consent to Entry of Protective Order

I, Albert Dayan, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Armany Guzman, et al, 22 Cr. 174 (VM), and I consent to the entry of the Order on behalf of my client, Daniel McIntosh.

_____
Albert Dayan, Esq.
Attorney for Defendant Daniel McIntosh

## Consent to Entry of Protective Order

I, Nicholas Dayan, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Armany Guzman, et al, 22 Cr. 174 (VM), and I consent to the entry of the Order on behalf of my client, Jameik Evans.

_____
Nicholas Dayan, Esq.
Attorney for Defendant Jameik Evans